UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEITH O. STODDARD, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 09-1366 (BAH) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendant.[1] | ) |

**MEMORANDUM OPINION**

This matter is before the Court on the Defendant's motion to dismiss and the Plaintiff's motion to amend his complaint. For the reasons discussed below, the Court will grant the former and deny the latter.

I. BACKGROUND

At all times relevant to the complaint, the Plaintiff was housed at the D.C. Jail. According to the Plaintiff, the cell to which he was assigned was "a well defined dungeon, a dark crawl space, without air circulation, without ventilation of any kind and without windows." Compl. at 2. In addition, "while being made to dwell within this animalistic living condition, Plaintiff suffered from . . . extreme exposure to cold." *Id.* As a result, he experienced "breathing complications and sensory deprivation," as well as "mental anguish and emotional trauma." *Id.* His requests for a transfer to another cell went unanswered, *id.*, and he "was subjected to these inhumane conditions for a little over 30 days," *id.*

---

[1] This matter was removed from the Superior Court of the District of Columbia on July 23, 2009, and on September 8, 2009, the Court granted the Defendant's motion to substitute the District of Columbia as the proper defendant to this action and to dismiss former Mayor Adrian Fenty and the District of Columbia Department of Corrections.

The Plaintiff brings this action against the District of Columbia under 42 U.S.C. § 1983, Compl. at 1, and the Court construes the complaint as alleging violations of his right under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment. He demands "judgment against the Defendant[] in the sum of $1,000,000.00 with interest and costs." *Id.* at 3. The District of Columbia moves to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See generally* Mem. of P. & A. in Supp. of Mot. of Dist. of Columbia to Dismiss Compl. ("Def.'s Mem.") at 4-12.

## II. DISCUSSION[2]

### A. Dismissal Under Rule 12(b)(6)

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A motion under Rule 12(b)(6) does not test a plaintiff's likelihood of success on the merits; rather, it tests whether a plaintiff properly has stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

The Court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [it] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.,* 117 F.3d 621, 624-25 (D.C. Cir. 1997). In addition, the Court "must accept as true all of the factual allegations contained in the complaint." *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009)

---

[2] For purposes of this Memorandum Opinion, the Court presumes, without deciding, that the Plaintiff exhausted his available administrative remedies through the Inmate Grievance Procedure process prior to filing this lawsuit. Accordingly, the Court will not address the District's motion to dismiss on this basis.

(quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), *cert. denied*, 130 S. Ct. 2064 (2010) (other citations omitted). Although "detailed factual allegations" are not required to withstand a Rule 12(b)(6) motion, a plaintiff must offer "more than labels and conclusions" to provide "grounds" of "entitle[ment] to relief." *Twombly*, 550 U.S. at 555. Or as the Supreme Court more recently stated, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). To this end, the Court "need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nor must the Court accept "a legal conclusion couched as a factual allegation." *Iqbal*, 129 S.Ct. at 1949-50 (citation omitted). A complaint alleging facts which are "'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly* 550 U.S. at 557) (brackets omitted).

### B. The Plaintiff's Eighth Amendment Claim

The District moves for dismissal on the grounds that the complaint alleges neither an Eighth Amendment claim, *see* Def.'s Mem. at 8-10, nor the District's liability for any alleged constitutional violation, *see id.* at 10-12.

In relevant part, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction

3

> thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

*Id*. In other words, "Section 1983 allows a plaintiff to seek money damages from government officials who have violated [his] constitutional rights." *Butera v. District of Columbia*, 235 F.3d 636, 645 (D.C. Cir. 2001). To state a claim under Section 1983, a complaint must allege facts sufficient to show that the conduct of which a plaintiff complains (1) was committed by a person acting under color of District of Columbia law, and (2) deprived the plaintiff of a constitutionally-protected right. *See, e.g., West v. Atkins,* 487 U.S. 42, 48 (1988).

The District of Columbia is a municipality and is considered a "person" for purposes of Section 1983. *See, e.g., Best v. District of Columbia,* 743 F. Supp. 44, 46 (D.D.C. 1990); D.C. Code § 1-102 (establishing the District of Columbia as "a body corporate for municipal purposes" which may "exercise . . . powers of a municipal corporation not inconsistent with the Constitution and laws of the United States and the provisions of [the D.C. Code]").

In considering whether the Plaintiff states a claim for municipal liability, the analysis proceeds as follows:

> First, the court must determine whether the complaint states a claim for a predicate constitutional violation. Second, if so, then the court must determine whether the complaint states a claim that a custom or policy of the municipality caused the violation.

*Baker v. District of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003) (citations omitted). To establish "a predicate constitutional violation," *id.*, the Plaintiff must make "an objective showing that the deprivation alleged is 'sufficiently serious,' and a subjective showing that prison officials had a 'sufficiently culpable state of mind,' one marked by 'deliberate indifference.'" *Smith-Bey v. CCA/CTF*, 703 F. Supp. 2d 1, 7-8 (D.D.C. 2010) (quoting *Farmer*

4

*v. Brennan,* 511 U.S. 825, 834 (1994)); *Anderson-Bey v. District of Columbia*, 466 F. Supp. 2d 51, 61 (D.D.C. 2006). To show deliberate indifference, the Plaintiff must show that a prison official knew that he faced a substantial risk of serious harm but disregarded that risk by failing to take reasonable measures. *See Farmer,* 511 U.S. at 847; *Pryor-El v. Kelly*, 892 F. Supp. 261, 267 (D.D.C. 1995) ("[A] prison official must actually know of and disregard an excessive risk to inmate health or safety.").

1. The Plaintiff Adequately Alleges a Constitutional Violation

The Plaintiff's allegations pertain to prison conditions, and prison conditions "are subject to Eighth Amendment scrutiny." *Women Prisoners of District of Columbia Dep't of Corr. v. District of Columbia*, 93 F.3d 910, 928 (D.C. Cir. 1996) (citation omitted). The Eight Amendment does not require that prisons be comfortable, *see Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), but they may not "deprive inmates of the minimal civilized measure of life's necessities," *id.* at 347. In other words, prison conditions "must not involve the wanton and unnecessary infliction of pain, nor . . . be grossly disproportionate to the severity of the crime warranting imprisonment." *Id.*

The Plaintiff alleges that, for a period of approximately 30 days, he was confined in a dark, cold, and windowless cell without ventilation, resulting in "irrepairable [sic] physical damage" such as sensory deprivation and "breathing complications" for which he obtained medical treatment. Compl. at 2. He "inform[ed] officers via verbal complaints of the horrific living arrangement . . . to no avail. *Id.* It is questionable that these conditions were of such severity or duration as to rise to the level of a constitutional violation. *See, e.g., Rocha v. CCCF Admin.*, No. 10-1158, 2011 WL 167264, at *2 (10th Cir. Jan. 20, 2011) (concluding that prisoner's allegations of exposure to extremely cold conditions when air conditioning was turned

up "are deficient because there is no objective indication that the cold was so severe as to pose a substantial risk of serious harm"); *Muñiz v. Richardson*, 371 Fed. Appx. 905, 908 (10th Cir. 2010) (finding that allegations "about living conditions center[ing] on excessive heating and air conditioning, dirty mops, insufficiently sized showers, and television programs played continuously in a loop" do not state Eighth Amendment violations); *Warren v. Stempson*, 800 F. Supp. 991, 992 (D.D.C. 1992) (finding that plaintiff's allegations of vermin infestation and cold water for showers, while substandard, did not rise to the level of cruel and unusual punishment), *aff'd*, 995 F.2d 306 (D.C. Cir. 1993) (per curiam). However, on a motion under Rule 12(b)(6) the Court accepts the Plaintiff's allegations as true, and based on these allegations, the complaint adequately alleges a constitutional violation of which the Defendant was aware. *See, e.g., Mejia v. McCann*, No. 08 CV 4534, 2009 WL 536001, at *3 (N.D. Ill. Mar. 3, 2009) (finding that prisoner's allegations as to the lack of proper ventilation and certain other conditions, the severity of which was not known at the time the court ruled on defendants' Rule 12(b)(6) motion, were sufficient to state an Eighth Amendment claim); *Banks v. York*, 515 F. Supp. 2d 89, 207 (D.D.C. 2007) (finding that allegations of lack of heat and ventilation and defendants' failure to supply blankets were sufficient to state an Eighth Amendment claim).

2. <u>The Plaintiff Fails to Allege the District of Columbia's Liability</u>

"[A] municipality can be found liable under [Section] 1983 only where the municipality *itself* causes the constitutional violation at issue." *City of Canton, Ohio v. Harris,* 489 U.S. 378, 385 (1989) (citing *Monell v. Dep't of Soc. Servs. of the City of New York,* 436 U.S. 658, 694 (1978) (emphasis in original)). "*Respondeat superior* or vicarious liability will not attach under [Section] 1983." *Id.* The District of Columbia, then, is subject to liability under Section 1983 only "when an official policy or custom causes the complainant to suffer a deprivation of a

constitutional right." *Carter v. District of Columbia,* 795 F.2d 116, 122 (D.C. Cir. 1986); *Baker v. District of Columbia,* 326 F.3d 1302, 1306 (D.C. Cir. 2003) ("In considering whether a plaintiff has stated a claim for municipal liability . . . the court must [first] determine whether the complaint states a claim for a predicate constitutional violation . . . [and] if so, then . . . determine whether the complaint states a claim that a custom or policy of the municipality caused the violation."). The policy or custom itself must be the moving force behind the constitutional violation. *Monell,* 436 U.S. at 694; *see Pembaur v. City of Cincinnati,* 475 U.S. 469, 483 (1986) ("[M]unicipal liability under § 1983 attaches where -- and only where -- a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question."); *Oklahoma City v. Tuttle,* 471 U.S. 808, 817 (1985) (requiring a plaintiff to show a course deliberately pursued by the city establishing an affirmative link between the city's policy and the alleged constitutional violation).

There is no heightened pleading standard in a civil rights case alleging municipal liability for civil rights violations, *see Leatherman v. Tarrant Cty. Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 164 (1993), and a complaint "need not plead law or match facts to every element of a legal theory," *Sparrow v. United Air Lines, Inc.,* 216 F.3d 1111, 1115 (D.C. Cir. 2000) (citations omitted). "Nevertheless, [a] Complaint must 'include some factual basis for the allegation of a municipal policy or custom.'" *Hinson ex rel. N.H. v. Merritt Educ. Ctr.,* 521 F. Supp. 2d 22, 29 (D.D.C. 2007) (quoting *Atchinson v. District of Columbia,* 73 F.3d 418, 422 (D.C. Cir. 1996)). Wholly absent from the Plaintiff's complaint is any allegation of a pattern, practice, policy or custom of the District of Columbia, the application of which caused an Eighth Amendment violation occurring during his incarceration at the D.C. Jail. The

Plaintiff's assertion that, through "discovery[] he will be able to show a pattern, practice, or custom by [the District] through the use of this inhumane cell," Pl.'s Opp'n at 5, does not cure this pleading defect.

The District is liable for the actions of its employees or agents "only if the agents acted pursuant to municipal policy or custom." *Warren v. District of Columbia,* 353 F.3d 36, 38 (D.C. Cir. 2004). Absent any allegation of the existence of a municipal policy or custom, and "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation," *Harris,* 489 U.S. at 385, the complaint must be dismissed. *See Ennis v. Lott*, 589 F. Supp. 2d 33, 38-39 (D.D.C. 2008); *Ferguson v. Dep't of Corr.*, No. 04-1654, 2005 WL 3201358, at *2 (D.D.C. Oct. 31, 2005); *Ibrahim v. District of Columbia*, 357 F. Supp. 2d 187, 195 (D.D.C. 2004); *Levi v. District of Columbia*, No. 92-2653, 1993 WL 62311, at *2 (D.D.C. Feb. 24, 1993).

### D. The Plaintiff's Proposed Amended Complaint

The Plaintiff requests leave to amend his complaint. *See generally* Pl.'s Mot. Requesting Leave to Am. Compl. The District opposes the motion on two grounds. First, it argues that the Plaintiff no longer may amend his pleading as a matter of right Rule 15(a)(1) because the applicable time limits have expired. Opp'n of Def. Dist. of Columbia to Pl.'s Mot. to Am. the Compl. at 2 (page number designated by the Court). In the alternative, the District argues that amendment is not appropriate at this stage of the proceedings, particularly because the new allegations set forth in the proposed amended complaint "were known to him at the time he filed his complaint in July of 2009."[3] *Id.* at 3. Timely or not, the Plaintiff's motion will be denied.

---

[3] Review of the Superior Court's docket shows that plaintiff filed his complaint on June 16, 2009, and that the District filed its Notice of Removal on July 23, 2009. *See Stoddard v. Fenty*, No. 2009 CA 004400 B (D.C. Super. Ct. filed June 16, 2009).

"The grant or denial of leave to amend is committed to the sound discretion of the district court." *Triad at Jeffersonville I, LLC v. Leavitt*, 563 F. Supp. 2d 1, 11 (D.D.C. 2008) (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). While leave to amend a complaint should be freely granted when justice so requires, *see* FED. R. CIV. P. 15(a)(2), the Court may deny a motion to amend if such amendment would be futile, *Foman v. Davis*, 371 U.S. 178, 182 (1962); *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996). "An amended complaint is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory or could not withstand a motion to dismiss." *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C. 2002) (citation omitted).

The Plaintiff's proposed amended complaint includes few new factual allegations, and the District correctly notes that these facts were known to the Plaintiff at the time he submitted his original complaint. Moreover, the proposed amended complaint, too, is fatally defective for its failure to allege a municipal policy, custom or practice which directly caused the constitutional violation asserted.

### III. CONCLUSION

The Court concludes that, although the Plaintiff manages to allege a violation of his Eighth Amendment rights, he fails to allege the District's liability for that violation. The Plaintiff's proposed amended complaint suffers the same defect. Accordingly, the Court will grant the District's motion to dismiss and deny the Plaintiff's motion to amend as futile. An Order is issued separately.

DATE: February 18, 2011            BERYL A HOWELL
                                   United States District Judge

9